[No. 11468.   Department Two.   January 23, 1914.]

CARL YTTREGARD, *Appellant*, v. ANDREW YOUNG *et al.*,
*Respondents.*[1]

HIGHWAYS—NEGLIGENT USE—AUTOMOBILES—ACTION FOR DAMAGES
—INSTRUCTIONS.   In an action for personal injuries sustained when
plaintiff's horse took fright from defendant's automobile, considera-
tion of the charges of negligence (1) in running the automobile at
an excessive speed, (2) cutting out the muffler, and (3) trying to
pass on the wrong side, is not excluded by an instruction to the jury
that the only acts of negligence on which there was any evidence
are first, on the question whether defendant failed to stop on signal
and, second, whether the defendant on first discovering the fright of
the horse, failed to act as a reasonably prudent man should have
acted, and failed to reduce the speed and failed to use reasonable
care etc.

Appeal from a judgment of the superior court for Kitsap
county, French J., entered May 3, 1913, upon the verdict of
a jury rendered in favor of the defendants, in an action for
personal injuries sustained in a collision with an automobile.
Affirmed.

*C. J. Smith* and *Heber McHugh*, for appellant.

*Van Dyke & Thomas*, for respondents.

PARKER, J.—The plaintiff seeks recovery of damages from
the defendants for personal injuries which he claims resulted
to him from the negligent driving of their automobile.   On
August 5, 1912, the defendants were driving their automobile
along a public road, in Kitsap county, approaching a horse
and wagon going in the same direction, driven by a young
man with whom the plaintiff was riding.   Upon the approach
of the defendants' automobile to the wagon, the horse became
scared, and, in a measure, unmanageable for a few moments,
when the plaintiff fell, or was thrown, from the wagon and
received the injuries he sues to recover for.   A trial before the

[1]Reported in 137 Pac. 1043.

court and jury resulted in verdict and judgment in favor of the defendants, from which the plaintiff has appealed.

The substance of the contention made in behalf of appellant is that the trial court, by its instructions, in effect, excluded from the consideration of the jury certain alleged acts of negligence on the part of respondents which there was evidence tending to show. In appellant's brief, it is asserted:

"There were five grounds of negligence alleged, and evidence given in support of each: (1) running the automobile at an excessive rate of speed; (2) cutting out the muffler when near the horse; (3) trying to pass on the wrong side; (4) failure to stop on signal; (5) failure to use proper caution when first observing that the horse was afraid of the automobile."

The first, second and third grounds of negligence so claimed by counsel for appellant, it is insisted, were excluded from the consideration of the jury by the fifth instruction given by the court, reading as follows:

"You are further instructed that the only acts of negligence on the part of the defendants on which there has been any evidence whatsoever, is, First: On the question of whether or not the plaintiff in this case, at or about the time his horse became frightened, signalled to the defendant to stop his machine, and if the defendant failed to stop the machine within a reasonable time after receiving such signal, if you believe from the testimony that said signal was so given, and second: Whether or not the defendant on first observing that the horse behind which plaintiff was riding was frightened, failed to act as a reasonably prudent man should have acted under the circumstances, that is, failed to reduce the speed of the car and failed to use such care as a reasonable and prudent man should have used under all the circumstances."

Assuming, for argument's sake, that there was competent evidence introduced tending to show negligence in these particulars, we are still unable to see that this instruction excluded consideration of such specific acts of negligence, in view of the comprehensive language of the second portion of the instruction. That language, it seems to us, had the effect of

submitting to the jury every possible act of negligence that the respondents might have been guilty of; except, possibly, negligence they might have been guilty of before seeing that the horse was frightened and before appellant signalled to them to stop their machine; and we think it clear that there was no evidence tending to show negligence on their part before that time. We are of the opinion that appellant had a fair trial, and a reading of the entire record impresses us with the belief that it would hardly have been possible for the jury to find otherwise than as they did.

The judgment is affirmed.

CROW, C. J., MOUNT, FULLERTON, and MORRIS, JJ., concur.